UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRELL GUNN,

                Petitioner,

   v.                                              9:19-CV-1572
                                                              (TJM)

M. CAPRA,

                Respondent.
_____

APPEARANCES:                                  OF COUNSEL:

DARRELL GUNN
Petitioner, pro se
03-B-2443
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Petitioner Darrell Gunn filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, as well as various supporting exhibits. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-

1, Exhibits ("Ex."). Additionally, petitioner filed an application to proceed in forma pauperis

("IFP"). Dkt. No. 2, IFP Application.[1, 2]

Petitioner states that he previously filed a habeas corpus petition in this Court, for which a certificate of appealability was issued by the Second Circuit. Pet. at 12. Upon further review of the prior petition, and for the reasons discussed below, the petition must be transferred to the Second Circuit.

## II.   PREVIOUS HABEAS PETITIONS

Petitioner previously filed one habeas petition in the Northern District. *Gunn v. Chappius*, No. 9:10-CV-0060 (JKS) ("*Gunn I*"), Dkt. No. 1, Petition. Petitioner challenged a 2003 judgment of conviction, upon a guilty plea, in Onondaga County for first degree murder and first degree attempted murder. *Gunn I*, Dkt. No. 21, Dismissal Order, at 1. Petitioner argued that he was entitled to relief because

---

[1] In a letter to the Court, petitioner complains about a female officer denying his access to the law library; another officer confiscating his legal papers and assaulting him during a Hunger Strike; and retaliatory behavior resulting in petitioner's glasses and boots being confiscated during the Hunger Strike. Pet. at 14-15. Complaints about an inmate's conditions of confinement – like access to the law library and the way the guards treat the inmates – which do not impact the fact or length of confinement, are more appropriately brought pursuant to 42 U.S.C. § 1983. *Peralta v. Vasquez*, 467 F.3d 98, 104-05 (2d Cir. 2006). To the extent petitioner seeks to challenge the actions of any corrections officers, he may file a civil rights action pursuant to 42 U.S.C. § 1983, which will be subject to review under the Prisoner Litigation Reform Act ("PLRA") of 1996.

[2] Statutory filing fees must be paid at the time an action is commenced, unless an IFP Application is submitted to the Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 1:09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). For a habeas petition, an inmate may proceed IFP if (1) he files an application with the Court; (2) that application includes an affidavit as required by 28 U.S.C. § 1915; and (3) he includes a certificate from the warden showing the amount of money in the inmate's account(s). Rule 3, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); *accord* Advisory Notes, Rule 3 (specifying the inmate needs "a certificate showing the amount of funds in his institutional account" if he applies for IFP status).
   Here, petitioner includes a signed certification; however, it is signed by an officer at a different correctional facility and is dated over two years ago. IFP App. at 5. Petitioner also includes a print out, from November of 2019, with the last six months of account balances; although, this method of demonstrating indigence is not contemplated by the Habeas Rules and is inconsistent with the detailed account statements required in a civil rights action. *Id.* at 5. This Court does not believe petitioner properly submitted the correct documentation. It does, however, appear from the information provided that petitioner would be entitled to IFP status. Therefore, the Court will grant petitioner's IFP application for purposes of this Decision and Order only.

2

> (1) his guilty plea was not knowingly and intelligently entered; (2) he did not knowingly and intelligently waive his right to appeal; (3) his guilty plea was coerced by the threat of imposition of the death penalty; and (4) he received ineffective assistance of trial counsel.

*Id.* at 2.

The petition was denied and dismissed. *Gunn I*, Dismissal Order & Dkt. No. 22, Judgment. The Court held that the petition was untimely and petitioner was not entitled to equitable tolling. *Gunn I*, Dismissal Order at 10-11.

On September 12, 2011, petitioner filed a Notice of Appeal with the United States Court of Appeals, Second Circuit. *Gunn I*, Dkt. No. 25, Notice of Appeal. On April 25, 2012, the Second Circuit granted petitioner's appeal and vacated this Court's judgment. *Gunn I*, Dkt. No. 33, Mandate. The Second Circuit remanded the case back to this Court to determine whether professional misconduct of the *Pro Se Litigators* – the legal entity which initially agreed to litigate petitioner's case and then declared bankruptcy and closed before filing the petition – was so egregious as to constitute an extraordinary circumstance warranting equitable tolling. *Id.* Ultimately, this Court determined that the petition was still untimely and should be dismissed. *Gunn I*, Dkt. No. 40, Order on Remand; Dkt. No. 41, Judgment.

On November 14, 2013, petitioner filed a second Notice of Appeal with the Second Circuit. *Gunn I*, Dkt. No. 42, Second Notice of Appeal. On January 27, 2014, the Second Circuit dismissed petitioner's appeal finding that he "ha[d] not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . as to the untimeliness of the [petitioner's] petition filed pursuant to 28 U.S.C. § 2254." *Id.*

### III. THE PRESENT PETITION

3

Petitioner's present petition again challenges his 2003 judgment of conviction, upon a guilty plea, from Onondaga County for first degree murder and first degree attempted murder. Pet. at 1-2; *see also People v. Gunn*, 35 A.D.3d 1243, 1243 (4th Dep't 2006). Petitioner references his prior habeas petition and alludes to a stall in its procedural posture as he awaits a decision from this Court after the Second Circuit granted his appeal and remanded the action. *Id.* at 12; *see also* Ex. at 1-12 (Dismissal Order); *Id.* at 13 (First Mandate remanding case back to this Court). However, petitioner also attaches the Second Circuit's Second Mandate, issued after the case was remanded, dismissing petitioner's second attempt at appeal. Ex. at 13.

Petitioner argues he is entitled to relief because (1) his plea was unknowing and involuntary (Pet. at 5-7) and (2) his trial counsel was constitutionally ineffective (*id.* at 7). Petitioner seeks the ability to (1) withdraw his guilty plea, (2) have his conviction and sentence vacated, and (3) apply equitable tolling to the present petition. *Id.* at 15. For a more complete statement of petitioner's claims, reference is made to the petition and attachments.

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*,

416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003). Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, petitioner admits that he previously filed a habeas petition, which was ultimately dismissed, in this Court. Pet. at 12; Ex. at 1-12 (Dismissal Order); Ex. at 13-14 (Remand Orders). Petitioner's underlying criminal conviction for first degree murder and first degree attempted murder, arising out of a 2003 guilty plea in Onondaga County, were challenged in both petitions. *Compare* Pet. at 1-2 *with Gunn I*, Pet. at 1; Dismissal Order at 1-2. Accordingly, petitioner is again combating the same judgment of conviction that he

challenged before in his prior habeas petition filed in this Court. These claims have also been dismissed on the merits. *See Murray*, 394 F.3d at 81 ("[D]ismissal of a §2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under §2254 challenging the same conviction 'second or successive' petitions under §2244(b)."). Moreover, there is no basis for concluding that petitioner could not have raised in his earlier petition the grounds for relief asserted in his present petition. In fact, he did raise these same identical arguments, among others, in his first habeas petition.

Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: December 26, 2019

Thomas J. McAvoy
Senior, U.S. District Judge