UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DARRELL GUNN,

                                    Petitioner,

          v.                                                        9:19-CV-1572
                                                                    (TJM)

M. CAPRA,

                                    Respondent.

_____

APPEARANCES:                              OF COUNSEL:

DARRELL GUNN
Petitioner, pro se
03-B-2443
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

THOMAS J. McAVOY
Senior United States District Judge

### DECISION and ORDER

**I.      INTRODUCTION**

          Petitioner Darrell Gunn filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, as well as various supporting exhibits.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-

1, Exhibits ("Ex.").  On December 26, 2019, this Court transferred the petition to the United

States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a

determination as to whether petitioner should be able to file a second or successive habeas

petition.  Dkt. No. 3, Decision and Order ("December Order").

          On February 21, 2020, the Second Circuit issued an order denying petitioner's motion

to file a successive habeas petition.  Dkt. No. 4, Mandate.  Specifically, the Second Circuit

found that "to the extent Petitioner's challenge to his guilty plea was raised in his first § 2254 petition, it must be dismissed . . . [and] even if both of Petitioner's claims [we]re considered new, he has not made a showing that he is entitled to relief[.]" *Id.* at 1.

Presently pending before the Court is petitioner's motion, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for reconsideration of the December Order transferring his petition to the Second Circuit.  Dkt. No. 6.  For the following reasons, petitioner's motion is denied.

## II.    PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner asks for relief pursuant to Rule 60(b)(6) because "the integrity of his habeas proceeding was undermined by an 'extraordinary circumstance.'" Dkt. No. 6 at 5. Specifically, petitioner argues that he "has made a substantial showing the Pro Se Litigators abandoned petitioner [and] committed fraud after receiving full payment to file petitioner['s] Federal habeas corpus petition."  *Id.* at 5-6; *see also id.* at 10-13 ("Petitioner['s] lawyer abandoned him[.]").  Petitioner also challenges the constitutionality of his guilty plea.  *Id.* at 6-7 ("I gave a guilty plea to no known facts to the law and effect.  No facts what-so-ever were established by any evidence against petitioner."); *id.* at 7 ("Clearly, [the] guilty plea was coerced[.]"); *id.* at 9 ("I plead [*sic*] guilty under mental duress, threats, promises and coercion . . . to avoid New York State Death Penalty.")

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.**
> On a motion and just terms, the court may relieve a party . . . from a
> final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
> (2)    newly discovered evidence, that with reasonable diligence,

2

> could not have been discovered in time to move for a new
> trial under Rule 59(b);

(3)      fraud, misrepresentation, or misconduct;

(4)      the judgment is void;

(5)      the judgment has been satisfied, released, or discharged; or

(6)      any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding." *Flemming v. New York*, No. 1:06-CV-15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)).  "Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the challenged decision . . . [r]ather . . . Rule 60(b) provides relief only in exceptional circumstances." *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at *2 (W.D.N.Y. Mar. 26, 2008) (emphasis in original).

It is first important to understand that

A motion brought under Rule 60(b) must be made 'within a reasonable time' and motions brought under Rule 60(b)(1), (2), or (3) must be made within one year after the entry of judgment." *Flemming*, 2013 WL 4831197, at *12.  "The Supreme Court has interpreted subsection six as requiring a showing of 'extraordinary circumstances' to 'justify[] the reopening of a final judgment.'" *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

It is first important to understand that

> [a] motion under Rule 60(b) and a petition for habeas have different
> objectives. The habeas motion under 28 U.S.C. § 2254 seeks to
> invalidate the state court's judgment of conviction. As to the motion
> under Rule 60(b), while it is undoubtedly a step on the road to the
> ultimate objective of invalidating the judgment of conviction, it does
> not seek that relief. It seeks only to vacate the federal court
> judgment dismissing the habeas petition. The grant of such a
> motion would not have the effect of invalidating the state
> conviction. It would merely reinstate the previously dismissed

petition for habeas, opening the way for further proceedings
seeking ultimately to vacate the conviction.

*Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001).  Stated another way, "[a] Rule 60(b)

motion may be used to attack the integrity of the previous habeas proceeding, but it may not

be used as a vehicle to attack the underlying criminal conviction."  *Reynolds*, 2010 WL

604179, at *3 (internal quotation marks omitted) (citing *Harris v. United States*, 367 F.3d 74,

77 (2d Cir. 2004); *Gonzalez*, 545 U.S. at 529; *see also Negron v. United States*, 164 F. App'x

158, 158-59 (2d Cir. 2006) (explaining that Rule 60 provides relief in civil suits, accordingly

"cannot afford [petitioner] relief from his judgment of conviction in a criminal case.").

> [A] Rule 60(b) motion that *attacks the underlying conviction*
> presents a district court with two procedural options: (I) the court
> may treat the . . . motion as "a second or successive" habeas
> petition, in which case it should be transferred to th[e Second
> Circuit] for possible certification, or (ii) the court may simply deny
> the portion of the motion attacking the underlying conviction "as
> beyond the scope of Rule 60(b).

*Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004).

Here, petitioner makes his motion pursuant to Rule 60(b)(6).[1]  However, petitioner's

---

[1] Even assuming petitioner intended to utilize a different standard for reconsideration, his motion would still fail.  "The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented.  *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs*., 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Petitioner's overarching contentions are that his criminal conviction was inappropriate because his counsel was ineffective, his plea was coerced, and there was no evidence to support the charges lodged against him.  These are the same arguments which petitioner presented in his previously habeas petitions which were denied by both this Court and the Second Circuit.  *See* December Order at 4-6.  Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's prior Decision and Order.  Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented.  Petitioner's disagreement with the Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007).  As a result, reconsideration of the Court's decision transferring his petition to the Second Circuit is not warranted.

4

arguments are still primarily challenging the merits of his state court conviction.  Dkt. No. 6 at

5-13.  Petitioner again relied on the same facts and arguments that he previously asserted to

both this Court and the Second Circuit, and, as outlined in the December Order, these

arguments were already dismissed as untimely and denied as being sufficiently extraordinary

to warrant filing a successive petition.  *See* December Order at 2-3; Mandate at 1.  In short,

petitioner is, again, attempting to invalidate his state court conviction through the wrong

procedural vehicle.  *Gonzalez*, 545 U.S. at 529; *Negron*, 164 F. App'x at 158-59; *Harris*, 367

F.3d at 77;  *Reynolds*, 2010 WL 604179, at *3.

Petitioner "shows no need for the extraordinary relief contemplated under Rule

60(b)(6) where other avenues such as direct appeal or collateral review might have or may

provide the redress he seeks."  *McKinnon v. United States*, No. 1:12-CV-0179, 2012 WL

727017, at *1 (D. Md. Mar. 5, 2012).  Petitioner attempted to previously invoke these

remedies; however, his petition was dismissed.  December Order at 2-3.  That does not now

mean that petitioner can escape the AEDPA's restrictions by filing a motion pursuant to Rule

60, especially where the Second Circuit has already issued a Mandate denying petitioner's

request to pursue further habeas relief.  *See Crenshaw v. Superintendent fo Five Points

Corr. Facility*, 595 F. Supp. 2d 224, 228-230 (W.D.N.Y. 2009) (explaining the relationship

between Rule 60(b) motions and habeas proceedings, specifically second or successive

petitions, and how Rule 60(b) motions are "the most popular avenue for circumventing [the]

AEDPA's limitation on successive habeas petitions").

In sum, petitioner's motion claims that his counsel's actions present extraordinary

circumstances; however, those same arguments were already deemed unpersuasive.

December Order at 2-3.  Petitioner has failed to present any other circumstances, let alone

extraordinary ones, to justify the Court's intervention.  The Court could either transfer the petition, as successive, to the Second Circuit or deny the motion with prejudice as being outside the scope of Rule 60(b).  *Harris*, 367 F.3d at 82.  Because this petition was already presented to the Second Circuit, and the Second Circuit declined to provide petitioner with permission to file a successive petition, judicial economy will not be served by transferring the petition again.  Instead, the Court will exercise the second option and deny the motion with prejudice.

**III.     CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration (Dkt. No. 6) is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated:November 5, 2020

Thomas J. McAvoy
Senior, U.S. District Judge